# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **KENNEDI WALKER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:25-cv-01039-N** |
| **CBS/CTS INC, TELEVISION STATION** | § | |
| **KTVT-TV/KTXA INC., and** | § | |
| **CBS STATIONS GROUP OF TEXAS LLC,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

### I.
### INTRODUCTION

Defendants CBS/CTS Inc. Television Station KTVT-TV/KTXA Inc. and CBS Stations Group of Texas LLC (collectively, "Defendants")[1] file their Answer and Affirmative and Other Defenses to Plaintiff Kennedi Walker's ("Plaintiff" or "Walker") Original Complaint ("Complaint").

The allegations in Plaintiff's Complaint are hereinafter answered by the correspondingly numbered paragraphs below.  Unless specifically admitted in this pleading, the allegations are denied.

### II.
### PARTIES

1.    Defendants admit that Plaintiff is an individual. Defendants are without sufficient

---

[1] CBS/CTS Inc. and Television Station KTVT-TV/KTXA Inc. are improperly named in this cause. Plaintiff was employed by CBS Stations Group of Texas LLC. As such, CBS Stations Group of Texas LLC is the appropriate Defendant in this matter.

information to admit or deny allegations of Plaintiff's citizenship; thus, the remaining allegations of Paragraph 1 of the Complaint are therefore denied.

2.      Defendants admit that CBS/CTS Inc. is a Delaware Corporation. Defendants admit that CBS/CTS Inc. has its principal place of business in New York. Defendants admit that CBS/CTS Inc. may be served by serving its registered agent with process at the appropriate registered address. Defendants further admit that the undersigned defense counsel accepted service of process on behalf of CBS/CTS Inc. on May 12, 2025 pursuant to a Waiver of Service of Summons under Rule 4 of the Federal Rules of Civil Procedure. To the extent not expressly admitted, the allegations of Paragraph 2 of the Complaint are denied.

3.      Defendants admit that Television Station KTVT-TV/KTXA Inc. is a Virginia Corporation with its principal place of business in New York. Defendants admit that Television Station KTVT-TV/KTXA Inc. may be served by serving its registered agent with process at the appropriate registered address. Defendants further admit that the undersigned defense counsel accepted service of process on behalf of Television Station KTVT-TV/KTXA Inc. on May 12, 2025 pursuant to a Waiver of Service of Summons under Rule 4 of the Federal Rules of Civil Procedure. To the extent not expressly admitted, the allegations of Paragraph 3 of the Complaint are denied.

4.      Defendants admit that CBS Stations Group of Texas LLC is a Delaware Limited Liability Company. Defendants admit that that CBS Stations Group of Texas LLC's principal place of business is in New York and its local station/office, at which Plaintiff worked at all times relevant to this lawsuit, was and is located at 5233 Bridge Street, Fort Worth, Texas, 76103, just off of Interstate 30 near downtown Fort Worth. Defendants admit that CBS Stations Group of Texas LLC's may be served by serving its registered agent with process at the appropriate

registered address. Defendants further admit that the undersigned defense counsel accepted service of process on behalf of CBS Stations Group of Texas LLC on May 12, 2025 pursuant to a Waiver of Service of Summons under Rule 4 of the Federal Rules of Civil Procedure. To the extent not expressly admitted, the allegations of Paragraph 4 of the Complaint are denied.

### III.
### JURISDICTION

5.      Defendants admit the allegations of Paragraph 5 of the Complaint.

6.      Defendants admit the allegations of Paragraph 6 of the Complaint.

### IV.
### VENUE

7.      Defendants deny that venue is proper in the Dallas Division of the Northern District of Texas.

8.      The statements contained in Paragraph 8 of the Complaint do not call for a response, but to the extent a response is required, Defendants deny that the allegations of Paragraph 8 should be applied as to displace the venue of the court in the Fort Worth Division of the Northern District of Texas. Defendants are filing a Motion to Transfer Venue from the Dallas Division to the Fort Worth Division of the Northern District of Texas, which is the proper venue for this lawsuit pursuant to 28 U.S.C. § 1404(a).

### V.
### BACKGROUND FACTS

9.      Defendants admit the allegations of Paragraph 9 of the Complaint.

10.     Defendants admit the allegations of Paragraph 10 of the Complaint.

11.     Defendants deny the allegations of Paragraph 11 of the Complaint. Plaintiff's contract expired on April 30, 2024, and her employment was separated accordingly. Defendants admit that on April 12, 2024, Plaintiff was relieved of her duties and informed that she would not

be offered another term of employment after her existing contract expired. She was paid in full through the remainder of her contract term even though she was not required to perform work between April 12-30, 2024.

12.    Defendants admit that Plaintiff was employed as a Multi Skilled Journalist ("MSJ"), a position that was sometimes referred to as a Multi Media Journalist ("MMJ"). Plaintiff also incorrectly referred to this position as a Multimedia Journalist.

13.    Defendants deny that Plaintiff was the only Black MMJ at the time of her separation. Defendants admit that Plaintiff was paid less than some White MMJs. Defendants deny that Plaintiff was similarly situated to the higher-paid White MMJs. Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.    Defendants admit that Plaintiff's annual base salary was approximately $23,000.00 less than Nicole Nielsen's in April 2024. Defendants deny that Plaintiff was Nicole Nielsen's comparator or otherwise similarly situated to Nicole Nielsen, and Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.    Defendants deny the allegations of Paragraph 15 of the Complaint.

16.    Defendants admit that Plaintiff did not anchor newscasts as a part of her job duties. Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

17.    Defendants deny the allegations of Paragraph 17 of the Complaint.

18.    Defendants deny the allegations of Paragraph 18 of the Complaint.

19.    Defendants admit that Plaintiff was not asked to cover the Country Music Awards, and Defendants admit that a White MMJ and a Black Reporter covered the Country Music Awards. Defendants deny that Plaintiff was a comparator of these two individuals or otherwise similarly situated to them and Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

A.    **Plaintiff's Experience and Background**

20.    Defendants admit that Plaintiff had some experience as an MMJ, but Defendants deny that Plaintiff had the requisite experience needed to satisfactorily perform as an MMJ in a top broadcasting market such as Dallas-Fort Worth, TX.

21.    Defendants admit the allegations of Paragraph 21 of the Complaint.

22.    Defendants admit that Laurie Passman hired Plaintiff *in part* because of her experience as an MMJ in Baton Rouge, Louisiana. Defendants deny the remaining allegations in Paragraph 22 of the Complaint.

23.    Defendants admit the allegations of Paragraph 23 of the Complaint.

24.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 24 of the Complaint, and they are therefore denied.

25.    Defendants admit that Plaintiff held herself out as having covered local and national news stories while working for a news station in Baton Rouge, Louisiana.  Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 25 of the Complaint, and they are therefore denied.

26.    Defendants admit that Plaintiff held herself out as having graduated from Louisiana State University ("LSU") prior to working for a news station in Baton Rouge, Louisiana. Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 26 of the Complaint, and they are therefore denied.

27.    Defendants deny that Plaintiff had a "lengthy" resume. Defendants admit that Plaintiff held herself out as having won awards for her student reports at LSU, but Defendants are without sufficient information to admit or deny the accuracy of such allegations of Paragraph 27 of the Complaint, and they are therefore denied.

28.    Defendants admit that Plaintiff held herself out as having been the first African

American to be the News Director of a specific college radio station, 91.1 FM. Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 28 of the Complaint, and they are therefore denied.

29.    Defendants admit that Plaintiff held herself out as having been the Assistant News Director of a student operated TV station called "Tiger TV." Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 29 of the Complaint, and they are therefore denied.

30.    Defendants admit that Plaintiff held herself out as having been the Secretary of the Public Relations Student Society of America. Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 30 of the Complaint, and they are therefore denied.

31.    Defendants admit that Plaintiff held herself out as a Member of the National Association of Black Journalists. Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 31 of the Complaint, and they are therefore denied.

32.    Defendants admit that Plaintiff held herself out as having participated in prestigious internships at WWL-TV in New Orleans and Good Morning America in New York City. Defendants are without sufficient information to admit or deny the accuracy of the allegations of Paragraph 32 of the Complaint, and they are therefore denied.

**B.    Plaintiff's Initial Salary**

33.    Defendants admit the allegations of Paragraph 33 of the Complaint.

34.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 34 of the Complaint, and they are therefore denied.

35.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 35 of the Complaint, and they are therefore denied.

36.     Defendants admit Plaintiff began her employment with CBS Stations Group of Texas LLC on or about June 1, 2021.

37.     Defendants admit that Plaintiff was assigned to shadow Nicole Nielsen (White) at the outset of her employment. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 37 of the Complaint because Plaintiff has not specified which Defendant is herein referred to as "CBS", thus, the remaining allegations of Paragraph 37 of the Complaint are denied.

38.     Defendants admit that Nicole Nielsen was directed to train Plaintiff for the MMJ role. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 38 of the Complaint, and they are therefore denied.

39.     Defendants admit that Nicole Nielsen disclosed to Plaintiff and others that she was employed on a freelance basis, without a contract for term. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 39 of the Complaint, and they are therefore denied.

40.     Defendants admit that Nicole Nielsen disclosed to Plaintiff and others that she applied for a full-time position with CBS Stations of Texas LLC. Defendants deny the remaining allegations of Paragraph 40 of the Complaint.

41.     Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 42 of the Complaint are denied.

43.     Defendants admit that Plaintiff did not complain to the station's Human Resources department about her alleged June 3, 2021 conversation with Nicole Nielsen at the time that it occurred. Defendants cannot speak to Plaintiff's mental processes or motivations for her actions;

thus, the allegations of Paragraph 43 of the Complaint are denied.

44.    Paragraph 44 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

**C.    Early in Plaintiff's Employment with Defendant CBS Stations Group of Texas LLC**

45.    Defendants admit the allegations of Paragraph 45 of the Complaint as to CBS Stations Group of Texas LLC, which was Plaintiff's sole employer at all times relevant to this lawsuit. The allegations are denied as to the other Defendants.

46.    Paragraph 46 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

47.    Paragraph 47 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

48.    Defendants admit that Executive Producer Martina Valverde resigned on or about October 26, 2021. To the extent not expressly admitted, the allegations of Paragraph 48 of the Complaint are denied.

49.    Defendants admit that Martina Valverde was the Executive Producer overseeing the morning show at the time that Martina Valverde's employment ended. Defendants deny that Martina Valverde was Plaintiff's direct manager. To the extent not expressly admitted, the allegations of Paragraph 49 of the Complaint are denied.

50.    Paragraph 50 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

51.    Defendants admit that the morning show was produced by various individuals at various times. To the extent not expressly admitted, the allegations of Paragraph 51 of the Complaint are denied.

52.    Defendants admit that Josh Barlow was hired in the Summer of 2023. Defendants

admit that that Josh Barlow took on Martina Valverde's former duties; however, the role was reorganized between the time that Martina Valverde and Josh Barlow worked on the morning show. To the extent not expressly admitted, the allegations of Paragraph 52 of the Complaint are denied.

53.    Defendants deny the allegations of Paragraph 53 of the Complaint.

54.    Defendants deny the allegations of Paragraph 54 of the Complaint.

55.    Defendants admit that at times, Plaintiff was responsible for going live at 5:00 a.m., 6:00 a.m., and 11:00 a.m. To the extent not expressly admitted, the allegations of Paragraph 55 of the Complaint are denied.

56.    Defendants admit that Plaintiff's day-to-day work activities generally consisted of reporting on a story that was assigned to her by a producer.

57.    Paragraph 57 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

58.    Defendants admit that Nicole Nielsen and Plaintiff both worked on the morning shift. Defendants deny the remaining the allegations of Paragraph 58 of the Complaint.

59.    Defendants deny the allegations of Paragraph 59 of the Complaint.

60.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 60 of the Complaint, and they are therefore denied.

61.    Defendants deny the allegations of Paragraph 61 of the Complaint.

62.    Defendants admit that Nicole Nielsen filled-in as an anchor on one occasion in November 2021. To the extent not expressly admitted, the allegations of Paragraph 62 of the Complaint are denied.

63.    Defendants admit that Plaintiff was not asked to fill-in as anchor on the singular

occasion at issue in Paragraph 62 of the Complaint. To the extent not expressly admitted, the allegations of Paragraph 63 of the Complaint are denied.

64.     Paragraph 64 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

65.     Defendants admit that Plaintiff emailed Laurie Passman and Samuel Gardner on Saturday, November 11, 2021 asking to audition and seeking to "be considered for any fill-in anchor opportunities moving forward." Defendants deny the remaining allegations of Paragraph 65.

66.     Defendants admit that the quote stated in Paragraph 66 is a statement from KTVT-TV/KTXA-TV's April 5, 2024 Statement of Position, submitted to the EEOC during the administrative phase of this matter. To the extent not expressly admitted, the allegations of Paragraph 66 of the Complaint are denied.

67.     Defendants admit that KTVT-TV/KTXA-TV's April 5, 2024 Statement of Position submitted to the EEOC stated:

> On rare occasions when an anchor is sick or on vacation, the Station will identify a fill-in anchor. Samuel Gardner (Managing Editor and an African-American male) is responsible for scheduling and, in turn, will recommend a fill-in to Meagan Harris (VP News Director) when these exceptional circumstances arise. Ms. Harris accepts Mr. Gardener's recommendations and trusts that he will identify the fill-in anchors appropriately.

> Mr. Gardner's procedure for securing a fill-in anchor in these scenarios is as follows. *First*, Mr. Gardner inquires whether an existing anchor has availability to fill the open position. In the vast majority of instances, Mr. Gardner identifies a fill-in from the existing anchor pool. Mr. Gardner has historically utilized several African-American anchors for fill-in opportunities. *Second*, if Mr. Gardner is unable to secure a fill-in from the anchor pool, he turns to those in the reporter pool with anchoring experience. *Third*, and infrequently for a period in early 2023, Mr. Gardner looked to Nicole Nielsen to serve as a fill-in because a prior VP News Director afforded Ms. Nielsen that opportunity in the past based on her stellar performance as an MSJ. Relevant here, Ms. Nielsen is universally regarded as the strongest performing MSJ. Apart from Ms. Nielsen, Mr. Gardner has never utilized

another MSJ for fill-in opportunities given his procedure of first and foremost relying on existing anchors and experienced reporters to fill in.

Thus, to the extent not expressly admitted, the allegations of Paragraph 67 of the Complaint are denied.

68.    Defendants admit that KTVT-TV/KTXA-TV's April 5, 2024 Statement of Position submitted to the EEOC stated:

> Timeliness aside, Ms. Walker's discrimination claim collapses on the merits. As to her claim that the Station has failed to offer her fill-in anchoring opportunities, apart from the obvious fact that she was hired as an MSJ and not as an anchor, MSJs do not receive such fill-in anchoring opportunities, absent extraordinary circumstances, because fill-in anchoring first and foremost falls to existing anchors and other experienced reporters. This is based on the Station's practice, as implemented by the Managing Editor (an African-American male), who routinely selects African-American employees as fill-in anchors—thus rebutting any notion that race plays a role in the fill-in anchor selection process. In the rare circumstance that such an opportunity falls to the MSJ ranks, the Station will only consider top performers with anchoring experience in mid-to-large markets for such a role. Simply stated, Ms. Walker lacks these qualifications.

Thus, to the extent not expressly admitted, the allegations of Paragraph 68 of the Complaint are denied.

69.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 69 of the Complaint, and they are therefore denied.

70.    Defendants deny the allegations of Paragraph 70 of the Complaint.

71.    Defendants deny the allegations of Paragraph 71 of the Complaint.

72.    Paragraph 72 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

73.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 73 of the Complaint are denied.

74.    Defendants are without sufficient information to admit or deny the allegations of

Paragraph 74 of the Complaint, and they are therefore denied.

75.     Paragraph 75 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

76.     Paragraph 76 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

77.     Defendants deny the allegations of Paragraph 77 of the Complaint.

**D.     Plaintiff's Contract Renewal and Probation**

78.     Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     Defendants deny the allegations of Paragraph 79 of the Complaint.

80.     Defendants deny the allegations of Paragraph 80 of the Complaint.

81.     Defendants admit that Plaintiff, Raquel Amparo, and Laurie Passman met via zoom where they discussed topics including Plaintiff's performance and the status of a potential contract renewal. Defendants deny the remaining allegations of Paragraph 81.

82.     Defendants admit that Plaintiff was informed that she needed to improve her performance. Defendants deny the remaining allegations of Paragraph 82.

83.     Defendants deny the allegations of Paragraph 83 of the Complaint.

84.     Defendants admit the allegations of Paragraph of the Complaint.

85.     Defendants cannot speak to Plaintiff's mental processes; thus, Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     Defendants admit that Amparo acknowledged that Amparo was informed that Plaintiff had received an "MMJ of the Year"-type recognition when Plaintiff was working in Louisiana, and that Plaintiff's performance at the station was not on the level that Amparo expected of somebody who received a recognition of that type. To the extent not expressly admitted, Defendants deny the allegations of Paragraph 86 of the Complaint.

87.    Defendants deny the allegations of Paragraph 87 of the Complaint.

88.    Defendants admit that Passman and Amparo communicated something along the lines of the allegations stated in Paragraph 88 of the Complaint

89.    Defendants deny the allegations of Paragraph 89 of the Complaint.

90.    Defendants deny the allegations of Paragraph 90 of the Complaint.

91.    Defendants admit that Plaintiff raised an issue of her perception that she was not receiving enough feedback from management. Defendants are without sufficient information to admit or deny that Plaintiff specifically raised an issue with "not [being] given consistent feedback since the former Executive Producer quit months into Plaintiff's tenue," during the Zoom meeting referenced in Paragraphs 83-84. Thus, Defendants deny the allegations of Paragraph 91 of the Complaint.

92.    Defendants deny the allegations of Paragraph 92 of the Complaint.

93.    Defendants admit that Plaintiff was informed that she needed to improve her performance. Defendants deny the remaining allegations of Paragraph 93 of the Complaint.

94.    Defendants cannot speak to Plaintiff's mental processes; thus, Defendants deny the allegations of Paragraph 94 of the Complaint.

95.    Defendants deny the allegations of Paragraph 95 of the Complaint.

96.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 96 of the Complaint, and they are therefore denied.

97.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 97 of the Complaint, and they are therefore denied.

98.    Defendants deny the allegations of Paragraph 98 of the Complaint.

99.    Defendants are without sufficient information to admit or deny the allegations of

Paragraph 99 of the Complaint, and they are therefore denied.

100.    Defendants deny that Plaintiff was underpaid. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 100 of the Complaint, and they are therefore denied.

101.    Defendants deny the allegations of Paragraph 101 of the Complaint.

102.    Defendants deny the allegations of Paragraph 102 of the Complaint.

103.    Defendants admit that Amparo and Plaintiff formally met to discuss Plaintiff's performance in the spring of 2023. Defendants deny the remaining allegations of Paragraph 103 of the Complaint.

104.    Defendants admit the allegations of Paragraph 104 of the Complaint.

105.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 105 of the Complaint, and they are therefore denied.

106.    Defendants deny the allegations of Paragraph 106 of the Complaint.

107.    Paragraph 107 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

108.    Paragraph 108 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

109.    Defendants admit that Plaintiff executed a contract with a pay increase in May 2023. Defendants deny the remaining allegations of Paragraph 109 of the Complaint.

110.    Defendants admit that Plaintiff was represented by an agent in connection with the contract that was executed on May 19, 2023. Defendants deny the remaining allegations of Paragraph 110 of the Complaint.

**E.    New Show and Opportunities**

111.    Defendants admit the allegations of Paragraph 111 of the Complaint.

112.    Defendants admit the allegations of Paragraph 112.

113.    Defendants admit the allegations of Paragraph 113.

114.    Paragraph 114 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

115.    Defendants cannot speak to Plaintiff's mental processes; thus, Defendants are without sufficient information to admit or deny the allegations of Paragraph 115 of the Complaint, and they are therefore denied.

116.    Defendants admit that Plaintiff was not hired to anchor the 9:00 a.m. newscast. Defendants cannot speak to Plaintiff's mental processes and motivations; thus, Defendants deny the remaining allegations of Paragraph 116 of the Complaint.

117.    Defendants are without sufficient information to admit or deny the allegations of the allegations of Paragraph 117 of the Complaint, and they are therefore denied.

118.    Defendants are without sufficient information to admit or deny the allegations of the allegations of Paragraph 118 of the Complaint, and they are therefore denied.

119.    Defendants are without sufficient information to admit or deny the allegations of the allegations of Paragraph 119 of the Complaint, and they are therefore denied.

120.    Defendants are without sufficient information to admit or deny the allegations of the allegations of Paragraph 120 of the Complaint, and they are therefore denied.

121.    Defendants admit the allegations of Paragraph 121 of the Complaint.

122.    Defendants are without sufficient information to admit or deny the allegations of the allegations of Paragraph 122 of the Complaint, and they are therefore denied.

123.    Paragraph 123 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

124.    Defendants deny the allegations of Paragraph 124 of the Complaint.

**F.    News Director Change and Report of Discrimination**

125.    Defendants admit that on September 13, 2022, Raquel Amparo announced that Scott Keenan would become the new "VP of [N]ews." To the extent not expressly admitted, the remaining allegations of Paragraph 125 of the Complaint are denied.

126.    Defendants admit that Passman voluntarily moved into a different role. Defendants deny the remaining allegations of Paragraph 126 of the Complaint.

127.    Defendants admit that on or around November 1, 2022, Scott Keenan reached out to Plaintiff to schedule a meeting. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 127 of the Complaint, and they are therefore denied.

128.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 128 of the Complaint, and they are therefore denied.

129.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 129 of the Complaint, and they are therefore denied.

130.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 130 of the Complaint, and they are therefore denied.

131.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 131 of the Complaint, and they are therefore denied.

132.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 132 of the Complaint, and they are therefore denied.

133.    Defendants admit that on November 10, 2022 Raquel Amparo emailed Plaintiff providing positive feedback. Defendants are without sufficient information to admit or deny the remaining the allegations of Paragraph 133 of the Complaint, and they are therefore denied.

134.    Defendants admit that Amparo did not approach Plaintiff again about a contract

renewal until Spring 2023.  Defendants deny the remaining allegations of Paragraph 134 of the Complaint.

G.    **Change to Morning Show Anchor**

135.    Defendants admit the allegations of Paragraph 135 of the Complaint.

136.    Defendants admit that Plaintiff attended the meeting via a videoconference platform. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 136 of the Complaint, and they are therefore denied.

137.    Paragraph 137 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

138.    Defendants admit that Donnell Jackson raised the possibility of Plaintiff filling-in as the traffic anchor while Madison Sawyer was on leave. Defendants deny the remaining allegations of Paragraph 138 of the Complaint.

139.    Defendants admit that Madison Sawyer suggested that Nielsen fill-in as the traffic anchor while Sawyer was on leave, reasoning that Nicole Nielsen was already trained to deliver the traffic segment. Defendants deny the remaining allegations of Paragraph 139 of the Complaint.

140.    Defendants cannot speak to Plaintiff's mental processes; thus, Defendants are without sufficient information to admit or deny the allegations of Paragraph 140 of the Complaint, and they are therefore denied.

141.    Defendants deny the allegations of Paragraph 141 of the Complaint.

142.    Defendants cannot speak to Plaintiff's mental processes and Defendants are without sufficient information to admit or deny the allegations of Paragraph 142 of the Complaint, and they are therefore denied.

143.    Defendants admit that Nicole Nielsen joined the meeting in-person sometime after Madison Sawyer's statements. Defendants are without sufficient information to admit or deny the

remaining allegations of Paragraph 143 of the Complaint, and they are therefore denied.

144.    Defendants deny the allegations of Paragraph 144 of the Complaint.

145.    Defendants admit that Nicole Nielsen filled-in as an anchor on the 9:00 a.m. morning show at times. Defendants deny the remaining allegations of Paragraph 138 of the Complaint.

146.    Paragraph 146 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

147.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 147 of the Complaint are denied.

**H.    New Assistant News Director**

148.    Defendants deny the allegations of Paragraph 148 of the Complaint.

149.    Defendants deny the allegations of Paragraph 149 of the Complaint.

150.    Defendants deny the allegations of Paragraph 150 of the Complaint.

151.    Defendants deny the allegations of Paragraph 151 of the Complaint.

152.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 152 of the Complaint are denied.

153.    Defendants deny the allegations of Paragraph 153 of the Complaint.

154.    Defendants deny the allegations of Paragraph 154 of the Complaint.

155.    Defendants  deny the allegations of Paragraph 155 of the Complaint.

156.    Defendants deny the allegations of Paragraph 156 of the Complaint.

157.    Defendants deny the allegations of Paragraph 157 of the Complaint.

158.    Defendants deny that it employed Plaintiff or any others as an "MJJ;" thus, the allegations of Paragraph 158 of the Complaint are denied.

159.    Defendants deny the allegations of Paragraph 159 of the Complaint.

160.    Defendants deny the allegations of Paragraph 160 of the Complaint.

161.    Defendants deny the allegations of Paragraph 161 of the Complaint.

162.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 162 of the Complaint are denied.

163.    Defendants deny the allegations of Paragraph 163 of the Complaint.

164.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 164 of the Complaint are denied.

165.    Defendants deny the allegations of Paragraph 165 of the Complaint.

## I.    Keenan Resignation

166.    Defendants admit that Scott Keenan's employment by CBS Stations Group of Texas LLC ended in March 2023. To the extent not expressly admitted, Defendants deny the remaining allegations of Paragraph 166 of the Complaint.

167.    Defendants admit the allegations of Paragraph 167 of the Complaint.

168.    Defendants admit that Raquel Amparo requested a meeting with Plaintiff in March 2023. To the extent not expressly admitted, Defendants deny the remaining allegations of Paragraph 168 of the Complaint.

169.    Defendants admit that Plaintiff, Ginger Maddox (Black), and Raquel Amparo met in March 2023.

170.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 170 of the Complaint, and they are therefore denied.

171.    Defendants deny the allegations of Paragraph 171 of the Complaint.

172.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 172 of the Complaint, and they are therefore denied.

173.    Defendants are without sufficient information to admit or deny the allegations of

the allegations of Paragraph 173 of the Complaint, and they are therefore denied.

174.    Defendants deny the allegations of Paragraph 174 of the Complaint.

175.    Paragraph 175  is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

176.    Defendants admit that Plaintiff was represented by Matthew Kingsley in the negotiation of her final employment contract. To the extent not expressly admitted, Defendant's deny  the allegations of Paragraph 176 of the Complaint.

177.    Defendants admit that Plaintiff's annual salary was $82,000.00 during her final contract year. The remaining allegations of Paragraph 177 of the Complaint are denied.

178.    Defendants deny the allegations of Paragraph 178 of the Complaint.

179.    Defendants deny the allegations of Paragraph 179 of the Complaint.

**J.    Meagan Harris Named News Director and Josh Barlow's Termination**

180.    Defendants admit the allegations of Paragraph 180 of the Complaint.

181.    Defendants admit the allegations of Paragraph 181 of the Complaint.

182.    Defendants admit the allegations of Paragraph 182 of the Complaint.

183.    Defendants admit the allegations of Paragraph 183 of the Complaint.

184.    Defendants admit that Plaintiff received a Performance Check In for the work she performed in 2023. Defendants are without sufficient information to admit or deny the allegations of Paragraph 184of the Complaint, and they are therefore denied.

185.    Defendants deny the allegations of Paragraph 185 of the Complaint.

186.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 186 of the Complaint, and they are therefore denied.

187.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 187 of the Complaint, and they are therefore denied.

188.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 188 of the Complaint, and they are therefore denied.

189.    Defendants deny the allegations of Paragraph 189 of the Complaint.

190.    Defendants admit the allegations of Paragraph 190 of the Complaint.

191.    Defendants admit the allegations of Paragraph 191 of the Complaint.

192.    Defendants admit the allegations of Paragraph 192 of the Complaint.

193.    Defendants admit the allegations of Paragraph 193 of the Complaint.

194.    Defendants admit the allegations of Paragraph 194 of the Complaint.

195.    Defendants admit the allegations of Paragraph 195 of the Complaint.

196.    Defendants admit the allegations of Paragraph 196 of the Complaint.

197.    Defendants admit the allegations of Paragraph 197 of the Complaint.

198.    Defendants deny the allegations of Paragraph 198 of the Complaint.

199.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 199 of the Complaint, and they are therefore denied.

200.    Defendants admit the allegations of Paragraph 200 of the Complaint.

201.    Defendants admit that Amparo and Whitney Wilson met with Plaintiff with the intention of discussing an incident that resulted in the separation of employment with Josh Barlow, Brooke Katz, and James Simmons. Defendants deny the remaining allegations of Paragraph 201 of the Complaint.

202.    Defendants admit the allegations of Paragraph 202 of the Complaint.

203.    Defendants admit the allegations of Paragraph 203 of the Complaint.

204.    Defendants admit the allegations of Paragraph 204 of the Complaint.

205.    Defendants admit the allegations of Paragraph 205 of the Complaint.

206.    Defendants admit the allegations of Paragraph 206 of the Complaint.

207.    Defendants admit the allegations of Paragraph 207 of the Complaint.

208.    Defendants admit that Plaintiff informed Defendants that Benjamin Butler informed Plaintiff that Benjamin Butler overheard Brooke Katz and Josh Barlow discussing plans to "prank" Keith Russell. Defendants deny the remaining allegations of Paragraph 208 of the Complaint.

209.    Defendants admit that James Simmons was asked to voice statements on a recording. Defendants are without sufficient information to admit or deny the allegations of Paragraph 209 of the Complaint, and they are therefore denied.

210.    Defendants admit that Simmons recorded a statement directed at Keith Russell that could be interpreted as threatening. Defendants deny the remaining allegations of Paragraph 210 of the Complaint.

211.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 211 of the Complaint, and they are therefore denied.

212.    Defendants admit the allegations of Paragraph 212 of the Complaint.

213.    Defendants admit that at least one Defendant was informed that Butler overheard Barlow and Katz discussing Plaintiff. Defendants deny the remaining allegations of Paragraph 213 of the Complaint.

214.    Defendants admit that at least one Defendant was informed that Butler overheard Barlow and/or Katz state a personal opinion that Plaintiff "wants too much" in light of the Plaintiff's age and experience. Defendants deny the remaining allegations of Paragraph 214 of the Complaint.

215.    Paragraph 215 is so vague that Defendants are without sufficient information to

admit or deny these allegations of the Complaint and they are therefore denied.

216.    Defendants deny the allegations of Paragraph 216 of the Complaint.

217.    Defendants deny the allegations of Paragraph 217 of the Complaint.

218.    Defendants deny the allegations of Paragraph 218 of the Complaint.

219.    Defendants admit the allegations of Paragraph 219 of the Complaint.

220.    Defendants  admit that Plaintiff raised a concern about being denied opportunities to anchor. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 220 of the Complaint; thus, they are denied.

221.    Defendants  are without sufficient information to admit or deny the allegations of Paragraph 221 of the Complaint and they are therefore denied.

222.    Defendants admit the allegations of Paragraph 222 of the Complaint.

223.    Defendants deny the allegations of Paragraph 223 of the Complaint.

224.    Defendants deny the allegations of Paragraph 224 of the Complaint.

**K.**    **Psychology Sessions with Dr. Donald Grant**

225.    Defendants admit that shortly after Barlow, Katz, and Simmons' employment relationships were separated, the station announced that it would conduct listening sessions with Dr. Donald Grant. Defendants deny the remaining allegations of Paragraph 225 of the Complaint.

226.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 226 of the Complaint, and they are therefore denied.

227.    Defendants admit the allegations of Paragraph 227 of the Complaint.

228.    Defendants admit the allegations of Paragraph 228 of the Complaint.

229.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 229 of the Complaint, and they are therefore denied.

230.    Defendants are without sufficient information to admit or deny the allegations of

Paragraph 230 of the Complaint, and they are therefore denied.

231.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 231 of the Complaint, and they are therefore denied.

**L.    Anonymous Hotline Complaint**

232.    Defendants admit the allegations of Paragraph 232 of the Complaint.

233.    Defendants admit that an anonymous caller that was later identified as Plaintiff reported something along the lines that he/she requested to be given the same opportunities as Caucasian employees, but he/she was allegedly ignored and/or pushed aside. The anonymous caller believed that his/her treatment was due to his/her race. The anonymous caller asked to be paid the same amount as his/her counterparts, and he/she requested back pay in the form of a raise for the time that he/she had been working. To the extent not expressly admitted, the allegations of Paragraph 233 of the Complaint are denied.

234.    Defendants admit the allegations of Paragraph 234 of the Complaint.

235.    Defendants admit the allegations of Paragraph 235 of the Complaint.

**M.    Other White MMJs were Given Anchoring Opportunities**

236.    Defendants admit the allegations of Paragraph 236 of the Complaint.

237.    Defendants admit the allegations of Paragraph 237 of the Complaint.

238.    Defendants admit  the allegations of Paragraph 238 of the Complaint.

239.    Defendants deny the allegations of Paragraph 239 of the Complaint.

240.    Defendants admit the allegations of Paragraph 240 of the Complaint.

241.    Defendants deny the allegations of Paragraph 241 of the Complaint.

242.    Defendants admit the allegations of Paragraph 242 of the Complaint.

243.    Defendants admit the allegations of Paragraph 243 of the Complaint.

244.    Defendants deny the allegations of Paragraph 244 of the Complaint.

245.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 245 of the Complaint, and they are therefore denied.

246.     Defendants deny the allegations of Paragraph 246 of the Complaint.

247.     Paragraph 247 is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint and they are therefore denied.

248.     Defendants admit the allegations of Paragraph 248 of the Complaint.

249.     Defendants admit the allegations of Paragraph 249 of the Complaint, and further state that Lauren Crawford was also experienced as an anchor.

250.     Defendants deny the allegations of Paragraph 250 of the Complaint.

**N.     Additional Complaints to Harris and Maddox**

251.     Defendants admit  the allegations of Paragraph 251 of the Complaint.

252.     Defendants admit the allegations of Paragraph 252 of the Complaint.

253.     Defendants deny the allegations of Paragraph 253 of the Complaint.

254.     Defendants admit that January 8, 2024 was sixteen weeks before Plaintiff's contract expired. Defendants deny the remaining allegations of Paragraph 254 of the Complaint.

255.     Defendants are without sufficient information to admit or deny the  allegations of Paragraph 255 of the Complaint and they are therefore denied.

256.     Defendants deny the allegations of Paragraph 256 of the Complaint.

257.     Defendants deny the allegations of Paragraph 257 of the Complaint.

258.     Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 258 of the Complaint are denied.

259.     Defendants deny the allegations of Paragraph 259 of the Complaint.

260.     Defendants admit that Plaintiff was informed that individuals would be available to meet with Plaintiff and others to provide feedback on their respective performances. Defendants

deny the remaining allegations of Paragraph 260 of the Complaint.

261.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 261 of the Complaint are denied.

262.    Defendants deny the allegations of Paragraph 262 of the Complaint.

263.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 263 of the Complaint, and they are therefore denied.

264.    Defendants admit that Plaintiff separately called Whitney Wilson and Viviana Maldonado to inform them of a meeting that she had with Megan Harris and Ginger Maddon on January 8, 2024. To the extent not expressly admitted, the allegations of Paragraph 264 of the Complaint are denied.

**O.    Explosion at Fort Worth Hotel**

265.    Defendants deny the allegations of Paragraph 265 of the Complaint.

266.    Defendants admit the allegations of Paragraph 266 of the Complaint.

267.    Defendants admit that is a practice of the station to advise reporters of their assignments. To the extent not expressly admitted, the remaining allegations of Paragraph 267 of the Complaint are denied.

268.    Defendants admit that the news of the day segment covered breaking news stories. Defendants deny the remaining allegations of Paragraph 268 of the Complaint.

269.    Defendants admit the allegations of Paragraph 269 of the Complaint.

270.    Defendants admit the allegations of Paragraph 270 of the Complaint.

271.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 271 of the Complaint are denied.

272.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 272 of the Complaint are denied.

273.     Defendants admit the allegations of Paragraph 273 of the Complaint.

274.     Defendants admit that Plaintiff went live at approximately 5:00 a.m., 5:30 a.m., 6:00 a.m., or 6:30 a.m. on January 9, 2024. To the extent not expressly admitted, the remaining allegations of Paragraph 274 are denied.

275.     Paragraph 275 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

276.     Paragraph 276 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied. Defendants further state that none of the newscasts delivered by Plaintiff at approximately 5:00 a.m., 5:30 a.m., 6:00 a.m., or 6:30 a.m. on January 9, 2024 included any witness(es) that used the word "9/11."

277.     Paragraph 277 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

278.     Paragraph 278 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

279.     Defendants are without sufficient information to admit or deny the allegations of Paragraph 279 of the Complaint, and they are therefore denied.

280.     Defendants admit that during the 6:30 a.m. segment Plaintiff stated the following: "[w]e caught up with a witness that described that frightening moment. She's saying that this explosion reminded her of 9/11." Paragraph 280 of the Complaint is vague as to the allegation "[R]egarding that interviewee's comment" so Defendants are without sufficient information to admit or deny this allegation of the Complaint. Therefore, to the extent not expressly admitted, all allegations of Paragraph 280 of the Complaint are denied.

281.    Paragraph 281 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

282.    Paragraph 282 of the Complaint, is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

283.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 283 of the Complaint, and they are therefore denied.

284.    Defendants admit the allegations of Paragraph 284 of the Complaint.

285.    The allegations in Paragraph 285 of the Complaint are confusing insofar as the inclusion of "Plaintiff" in quotes. Therefore, Defendants are without sufficient information to admit or deny the allegations of Paragraph 285 of the Complaint, and they are therefore denied.

286.    Defendants admit the allegations of Paragraph 286 of the Complaint.

287.    Defendants admit the allegations of Paragraph 287 of the Complaint.

288.    Defendants admit the allegations of Paragraph 288 of the Complaint.

289.    Defendants admit that Meagan Harris stated that Plaintiff's January 9, 2024 6:30 a.m. hit was "very concerning." Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 289 of the Complaint, and they are therefore denied.

290.    Defendants deny the allegations of Paragraph 290 of the Complaint.

291.    Defendants admit that Meagan Harris stated that Plaintiff compared the explosion to 9/11. Defendants deny the remaining allegations of Paragraph 291.

292.    Defendants admit the allegations of Paragraph 292 of the Complaint.

293.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 293 of the Complaint are denied.

294.    Defendants deny the allegations of Paragraph 294 of the Complaint.

295.    Defendants admit that Meagan Harris raised a concern about Plaintiff's decision to send the script hours before airtime because the script would not therefore be up to date with developments in the matter by the time that Plaintiff reported using the script. Specifically, Meagan Harris stated, "I took a look at the scripts you sent in this morning, wondering if this was something that could have been caught. While doing that I noticed that you wrote your script before the 10pm news the night before. This was a developing story. Your hits were dated and not forward looking. For example, your tag in the 6:30am hit was all about 9/11 and did not mention anything about the cleanup, investigation, victims or road closures. You did not 'take me to the scene' by describing what it looked like so many hours later. The new information should be the focus of the script." Thus, Defendants deny the allegations of Paragraph 295 of the Complaint.

296.    Defendants cannot speak to Plaintiff's mental processes; thus, the allegations of Paragraph 296 of the Complaint are denied.

297.    Defendants deny the allegations of Paragraph 297 of the Complaint.

298.    Defendants admit the allegations of Paragraph 298 of the Complaint.

299.    Defendants deny the allegations of Paragraph 299 of the Complaint.

300.    Defendants deny the allegations of Paragraph 300 of the Complaint.

301.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 301 of the Complaint, and they are therefore denied.

302.    Defendants admit only that Andrea Lucia's broadcast included a witness describing his view from a block away stating "..it was kind of like a, *almost* a post-9/11…just kind of zombies walking around…" and Defendants further state that such comment was not of the same nature as that broadcasted by Plaintiff and is mischaracterized as written and therefore Defendants deny the allegations of Paragraph 302 of the Complaint.

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 29**

303.     Defendants admit that Andrea Lucia was not formally disciplined for her work on January 9, 2024. Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 303 of the Complaint, and they are therefore denied.

304.     The allegations contained in Paragraph 304 of the Complaint pose a question for which no response is required, but to the extent a response is required, the allegations of Paragraph 304 of the Complaint are denied.

305.     Defendants deny the allegations of Paragraph 305 of the Complaint.

**P.     Investigation Results**

306.     Defendants admit the allegations of Paragraph 306 of the Complaint.

307.     Defendants admit that Plaintiff was informed that the investigation had concluded, and Plaintiff's complaints could not be substantiated. Defendants deny the remaining allegations of Paragraph 307 of the Complaint.

308.     Defendants deny the allegations of Paragraph 308 of the Complaint.

309.     Defendants admit that Viviana Maldonado stated something along the lines that that Plaintiff's pay was within the appropriate range. Defendants further admit that Plaintiff was informed that she would not be receiving a change in pay at that time. Defendants deny the remaining allegations of Paragraph 309 of the Complaint.

310.     Defendants admit that Viviana Maldonado stated something along the lines that there are multiple factors that generally contribute to employee compensation, which could include employee performance  and "special projects." Defendants are without sufficient information to admit or deny the remaining allegations of Paragraph 310 of the Complaint, and they are therefore denied.

311.     Defendants deny the allegations of Paragraph 311 of the Complaint.

**Q.     Best Multimedia Journalist Award**

312.    Defendants admit that Plaintiff was recognized by the Texas Association of Broadcasters as "Multimedia Journalist" "Winner" in the "TV-Large" division on or about April 13, 2024. To the extent not expressly admitted, the allegations of Paragraph 312 of the Complaint are denied.

313.    Defendants deny that management asked the MMJs to submit their work for consideration by the Texas Association of Broadcasters' "Texas Broadcast News Awards." Defendants deny the remaining allegations of Paragraph 313 of the Complaint.

314.    Defendants deny the allegations of Paragraph 314 of the Complaint.

315.    Defendants deny the allegations of Paragraph 315 of the Complaint.

316.    Defendants deny the allegations of Paragraph 316 of the Complaint.

317.    Defendants deny the allegations of Paragraph 317 of the Complaint.

318.    Defendants admit that Raquel Amparo sent an email titled "Recap with Raquel 3-4" on March 4, 2024. To the extent not expressly admitted, the allegations of Paragraph 318 of the Complaint are denied.

319.    Defendants admit that Plaintiff was not mentioned by name in Raquel Amparo's email titled "Recap with Raquel 3-4" on March 4, 2024. To the extent not expressly admitted, the allegations of Paragraph 319 of the Complaint are denied.

320.    Defendants deny the allegations of Paragraph 320 of the Complaint.

**R.    Nielsen Continued Anchoring**

321.    Defendants admit the allegations of Paragraph 321 of the Complaint.

322.    Defendants deny the allegations of Paragraph 322 of the Complaint.

323.    Defendants admit the allegations of Paragraph 323 of the Complaint.

324.    Paragraph 324 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

S.      **Charges of Discrimination**

325.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 325 of the Complaint, and they are therefore denied.

326.    Defendants admit that Plaintiff appears to have digitally signed a Charge of Discrimination on February 7, 2024, attesting that Fort Worth, Texas was the location of Plaintiff's home and her employer's address. At this time, Defendants are without sufficient information to admit or deny the allegations of Paragraph 326 of the Complaint, and they are therefore denied.

327.    Defendants admit that Plaintiff appears to have digitally signed a Charge of Discrimination on March 28, 2024, attesting that Fort Worth, Texas was the location of Plaintiff's home and her employer's address. At this time, Defendants are without sufficient information to admit or deny the allegations of Paragraph 327 of the Complaint, and they are therefore denied

328.    Defendants admit that KTVT-TV/KTXA-TV filed a Statement of Position in response to EEOC Charge No. EEOC: 450-2024-02834. To the extent not expressly admitted, the allegations of Paragraph 328 of the Complaint are denied.

329.    Defendants admit that Plaintiff appears to have digitally signed a Charge of Discrimination on April 16, 2024, attesting that Fort Worth, Texas was the location of Plaintiff's home and her employer's address. At this time, Defendants are without sufficient information to admit or deny the allegations of Paragraph 329 of the Complaint, and they are denied.

T.      **Termination**

330.    Defendants deny the allegations of Paragraph 330 of the Complaint. Plaintiff's contract expired on April 30, 2024, and her employment was separated accordingly. Defendants admit that on April 12, 2024, Plaintiff was relieved of her duties and informed that she would not be offered another term of employment after her existing contract expired. She was paid in full through the remainder of her contract term even though she was not required to perform work

between April 12-30, 2024.

331.     Defendants deny the allegations of Paragraph 331 of the Complaint.

**U.    Defendants' History of Discrimination Claims**

332.     The allegations of Paragraph 332 lack specificity; thus, Defendants are without sufficient information to admit or deny the allegations of Paragraph 332 of the Complaint, and they are therefore denied.

333.     Paragraph 333 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

334.     Defendants admit that Defendant CBS Stations Group of Texas LLC and Defendant Television Station KTVT-TV/KTXA Inc. (incorrectly sued as "Television Station KTVT-TV/KTXA, Inc.") were sued by Brooke Katz in 2024 for Breach of Contract and Equal Pay Act violations. To the extent not expressly admitted, the remaining allegations of Paragraph 334 of the Complaint are denied.

335.     Paragraph 335 of the Complaint of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

336.     Paragraph 336 of the Complaint is so vague that Defendants are without sufficient information to admit or deny these allegations of the Complaint, and they are therefore denied.

337.     Defendants deny the allegations of Paragraph 337 of the Complaint.

**VI.**
**CONDITIONS PRECEDENT**

338.     Defendants admit the allegations of Paragraph 338 of the Complaint.

339.     Defendants deny the allegations of Paragraph 339 of the Complaint.

340.     Paragraph 340 of the Complaint is so vague that Defendants are without sufficient

information to admit or deny these allegations of the Complaint, and they are therefore denied.

341.    Defendants deny the allegations of Paragraph 341 of the Complaint.

## VII.
## CAUSES OF ACTION

**A.    Cause of Action—Discrimination—Title VII**

342.    The allegations contained in Paragraph 342 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 342 of the Complaint is denied.

343.    Defendants deny the allegations of Paragraph 343 of the Complaint.

344.    Defendants deny the allegations of Paragraph 344 of the Complaint.

**B.    Cause of Action—Discrimination—Discriminatory Discharge—Title VII**

345.    The allegations contained in Paragraph 345 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 345 of the Complaint is denied.

346.    Defendants deny the allegations of Paragraph 346 of the Complaint.

347.    Defendants deny the allegations of Paragraph 347 of the Complaint.

**C.    Cause of Action—Unlawful Retaliation—Title VII**

348.    The allegations contained in Paragraph 348 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 348 of the Complaint is denied.

349.    Defendants deny the allegations of Paragraph 349 of the Complaint.

350.    Defendants deny the allegations of Paragraph 350 of the Complaint.

351.    Defendants deny the allegations of Paragraph 351 of the Complaint.

**D.    Cause of Action—Race Discrimination—TCHRA**[2]

352.    The allegations contained in Paragraph 352 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 352 of the Complaint is denied.

353.    Defendants deny the allegations of Paragraph 353 of the Complaint.

354.    Defendants deny the allegations of Paragraph 354 of the Complaint.

**E.    Cause of Action—Race Discrimination—Discriminatory Discharge—TCHRA**

355.    The allegations contained in Paragraph 355 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 355 of the Complaint is denied.

356.    Defendants deny the allegations of Paragraph 356 of the Complaint.

357.    Defendants deny the allegations of Paragraph 357 of the Complaint.

**F.    Cause of Action—Color Discrimination—TCHRA**[3]

358.    The allegations contained in Paragraph 358 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 358 of the Complaint is denied.

359.    Defendants deny the allegations of Paragraph 359 of the Complaint.

360.    Defendants deny the allegations of Paragraph 360 of the Complaint.

**G.    Cause of Action—Color Discrimination—Discriminatory Discharge—TCHRA**

361.    The allegations contained in Paragraph 361 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph

---

[2] Texas Commission on Human Rights Act.

[3] Texas Commission on Human Rights Act.

361 of the Complaint is denied.

362.    Defendants deny the allegations of Paragraph 362 of the Complaint.

363.    Defendants deny the allegations of Paragraph 363 of the Complaint.

**H.    Cause of Action—Unlawful Retaliation—TCHRA**

364.    The allegations contained in Paragraph 364 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 364 of the Complaint is denied.

365.    Defendants deny the allegations of Paragraph 365 of the Complaint.

366.    Defendants deny the allegations of Paragraph 366 of the Complaint.

367.    Defendants deny the allegations of Paragraph 367 of the Complaint.

**VIII.**<br>**<u>DAMAGES</u>**

368.    Defendants deny the allegations of Paragraph 368 of the Complaint.

369.    Defendants deny the allegations of Paragraph 369 of the Complaint.

370.    Defendants deny that Plaintiff is entitled to recovery against the Defendants. Furthermore, the allegations contained in Paragraph 370 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, the allegations are denied. Therefore, Defendants deny all allegations of Paragraph 370.

371.    Defendants deny that Plaintiff is entitled to recovery against the Defendants. The remaining allegations contained in Paragraph 371 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, the allegations are denied. Therefore, Defendants deny all allegations of Paragraph 371.

372.    Defendants deny the allegations of Paragraph 372 of the Complaint.

373.    Defendants deny that Plaintiff is entitled to recovery against the Defendants.

Defendants further state that the reference to the "Texas Anti-Retaliation Statute" is vague and does not sufficiently appraise Defendants of the claims and demands against it. Additionally, the allegations contained in Paragraph 373 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, the allegations are denied. Therefore, Defendants deny all allegations of Paragraph 373.

## IX.
## ATTORNEYS' FEES AND COSTS

374.    The allegations contained in Paragraph 374 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 374 of the Complaint is denied.

375.    Defendants are without sufficient information to admit or deny the allegations of Paragraph 375 of the Complaint, and they are therefore denied.

376.    Defendants deny that Plaintiff is entitled to recovery against the Defendants. The remaining allegations contained in Paragraph 376 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, the allegations are denied. Therefore, Defendants deny all allegations of Paragraph 376.

## X.
## INTEGRATED ENTERPRISE/
## JOINT EMPLOYER/JOINT AND SEVERAL LIABILITY

377.    Defendants deny the allegations of Paragraph 377 of the Complaint.

378.    Defendants deny the allegations of Paragraph 378 of the Complaint.

379.    Defendants deny the allegations of Paragraph 379 of the Complaint.

380.    Defendants deny the allegations of Paragraph 380 of the Complaint.

381.    Defendants deny the allegations of Paragraph 381 of the Complaint.

## XI.
## RESPONDEAT SUPERIOR

382.    The allegations contained in Paragraph 382 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 382 of the Complaint is denied.

383.    Defendants deny the allegations of Paragraph 383 of the Complaint.

## XII.
## INJUNCTIVE AND EQUITABLE RELIEF

384.    The allegations contained in Paragraph 384 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 384 of the Complaint is denied.

385.    Defendants deny that Plaintiff is entitled to any relief as against Defendants and specifically deny that Plaintiff is entitled to the relief outset in Paragraph 385(a)-(e). Therefore, Paragraph 385 of the Complaint, and its subparts, is denied.

## XIII.
## JURY DEMAND

386.    The allegations contained in Paragraph 386 of the Complaint call for legal conclusions for which no response is required, but to the extent a response is required, Paragraph 386 of the Complaint is denied.

387.    Defendants admit that Plaintiff makes a demand for a jury, but deny the allegations suggest that Plaintiff is entitled to a jury trial on any or all issues.

## XIV.
## NOTICE PURSUANT TO RULE 193.7

388.    The Texas Rules of Civil Procedure are not applicable to this matter, and Defendants therefore deny and object to the allegations contained within Paragraph 388 of the Complaint.

## XV.
## PRAYER

**DEFENDANTS' ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT - Page 38**

389.     In response to Paragraph 389 of the Complaint, Defendants deny all allegations contained therein.  Defendants also expressly deny that Plaintiff is entitled to any damages and/or relief arising out of the Complaint as Defendants took no action nor committed any omission that would constitute a violation of any local, state, or federal common or statutory law.

Any and all allegations in Plaintiff's Original Complaint not expressly admitted herein are hereby denied by Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

By way of further answer, and without admitting any allegations asserted in the Complaint, Defendants affirmatively plead the following defenses.  Nothing stated in any of the following defenses constitutes a concession that Defendants bear any burden of proof on any issue that they would not otherwise bear such burden.  Defendants reserve the right to supplement these pleadings with further applicable defenses as more facts become available.  To the extent any defenses or legal theories may be interpreted as inconsistent, they are pleaded in the alternative.

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

2.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3.     Plaintiff's claims are barred, in whole or in part, to the extent that she has failed to fully exhaust her administrative remedies.

4.     Defendants alternatively plead that all actions taken with regard to Plaintiff's employment were taken in good faith and were based on legitimate, non-discriminatory, and non-retaliatory reasons.

5.      Defendants alternatively plead that any award of damages in this action is subject to applicable statutory limitations and/or caps, and Plaintiff's recovery, if any, must be reduced to the extent required by law.

6.      Plaintiff has been paid and received all wages and all other compensation due to her by virtue of her employment.

7.      Defendants never discriminated against Plaintiff in any term, condition, or privilege of her employment based on any illegal criteria.

8.      Plaintiff's pay discrimination claim is also barred because any wage differential was based on a factor other than race or color.

9.      Defendants at all times acted in good faith to comply with all state and federal laws, and with reasonable grounds to believe that Defendants' actions did not violate the statutes cited in the Complaint, and Defendants assert a lack of willfulness, intent, or malice to violate the statutes cited in the Complaint as a defense to any claim by Plaintiff for liquidated or exemplary damages.

10.     To the extent that Plaintiff has suffered any damages and/or losses, such damages and/or losses were the result of Plaintiff's own conduct and/or omissions.

11.     Defendants further plead, if such be necessary, that Plaintiff must mitigate any and all alleged damages, and Plaintiff's claims are barred, or her recovery is reduced, by any failure to mitigate.  Further, Defendants are entitled to an offset for any amount which could have been earned by Plaintiff.

12.     Defendants alternatively plead that they are not liable for any acts by employees and/or agents who were not authorized by Defendants and who had no express or implied authority to engage in acts that were inconsistent with Defendants' written policies.

13.     Defendants alternatively plead, without waiver of Plaintiff's burden to prove that a Defendants actions were motivated by an impermissible factor, assuming arguendo that an impermissible factor was a motivating factor for any action of any Defendant, that that Defendant would have taken the same action regardless of any protected status of Plaintiff.

14.     At times, Plaintiff's employment was at-will, and therefore could be ended at any time for any reason not specifically prohibited by local, state or federal law, and with or without cause.  At times, Plaintiff's agreement was under contract for a term and Plaintiff was not entitled to continued employment following the expiration of the term.

15.     Defendants have not had an opportunity to conduct a full and sufficient investigation or to engage in adequate discovery touching on the circumstances of Plaintiff's allegations. Defendants intend to act expediently to inform themselves as to the pertinent facts and prevailing circumstances surrounding any claimed damages and hereby give notice of their intent to assert any affirmative defenses or allegations of fact that this information-gathering process may indicate are supported by law.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by this suit, and that Defendants be awarded their costs, attorneys' fees, expenses, and all other legal and equitable relief to which they may be entitled.

Dated:  July 11, 2025                    Respectfully submitted,


                                         */s/ Sherry L. Travers*
                                         _____
                                         Sherry L. Travers
                                         Texas Bar No. 00793097
                                         stravers@littler.com
                                         Renee Schuldt
                                         Texas Bar No. 24133190
                                         rschuldt@littler.com
                                         LITTLER MENDELSON, P.C.
                                         2001 Ross Avenue, Suite 1500
                                         Dallas, Texas 75201.2931
                                         Telephone:    214.880.8100
                                         Facsimile:    214.880.0181

                                         **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 11, 2025, a true and correct copy of the foregoing was served on all counsel of record by the Court's ECF system, including:

Matthew R. Scott
Jamie J. Gilmore
Brittney L. Thompson
Scott Gilmore Thompson PLLC
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
matt@sgtlawgroup.com
jamie@sgtlawgroup.com
brittney@sgtlawgroup.com

***Attorneys for Plaintiff***

*/s/ Sherry L. Travers*
Sherry L. Travers
Renee Schuldt